```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                        CHARLOTTE DIVISION
                         3:08CV501-MU-02
```

| | | |
|---|---|---|
| **HERBERT CHAVIS,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|       v. | ) | <u>**ORDER**</u> |
| | ) | |
| **UNITED STATES OF AMERICA; and** | ) | |
| **WILLIAM L. OSTEEN, JR.,** | ) | |
|     **Respondents.** | ) | |
| _____ | ) | |

**THIS MATTER** is before this Court upon Petitioner's Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254 (document # 1) and on his Application to Proceed without Prepayment of Fees (document # 2), both filed in the United States District Court for the District of Columbia on October 3, 2008, and transferred to this Court on November 5, 2008.

Turning first to his IFP Application, there Petitioner reports that he is incarcerated and unemployed, but receives $70.00 per month from his mother. In addition, Petitioner failed to submit a certified copy of his inmate trust account reflecting his account information for the six months preceding his Application. Based upon the foregoing, Petitioner's IFP Application must be denied. That is, this Court cannot conclude on the basis of the information which Petitioner has provided that he does not have sufficient resources from which to pay the meager $5.00 filing fee.

Accordingly, Petitioner will be directed to remit the filing fee to this Court.

As for his Petition, that document along with pertinent federal court records reflect that in September 1996, Petitioner sustained multiple convictions, including one for second-degree murder, in a North Carolina Superior Court; and that after his convictions were affirmed in the state court system, Petitioner applied for a federal Writ of <u>Habeas Corpus</u> in the United States District Court for the Middle District of North Carolina (<u>see</u> <u>Chavis v. Bell</u>, 1:00cv515-WLO, filed May 23, 2000). However, that Court granted summary judgment for Bell and dismissed Petitioner's case by an Order filed March 1, 2001. (<u>Id</u>., document # 20).

Thereafter, Petitioner filed at least three more Petitions attacking various and sundry State convictions in the Middle District of North Carolina, one such Petition was deemed to be successive. More importantly, all of those Petitions were dismissed by that Court (<u>see</u> Case Nos. 1:06cv745; 1:06cv762; <u>and</u> 1:06cv833). In addition, Petitioner previously has filed a Petition which sounded in <u>habeas corpus</u> in this Court. Not surprisingly, however, that Petition also was dismissed (<u>see</u> 3:07cv291).

Now, by the instant Petition, Petitioner is seeking to raise two claims challenging the Middle District Court's handling of his actual innocence claim from his 2000 <u>habeas</u> Petition. Suffice it

2

to say, however, inasmuch as this Court does not have the authority to review the Judgment of a sister court, it cannot entertain Petitioner's claims. Indeed, it appears that the United States District Court for the District of Columbia erroneously transferred Petitioner's case to this judicial district rather than the Middle District of North Carolina. In any case, because this is at least Petitioner's sixth attempt to challenge the propriety of his 1996 convictions, this Court cannot conceive of a scenario by which he would be prejudiced by the dismissal, rather than the transfer, of his case. Accordingly, Petitioner's case will be dismissed without prejudice to his right to pursue his claims in the proper federal district court.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Within thirty (30) days of the date of this Order, Petitioner remit the required $5.00 filing fee for this action; and

2. Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 is **DISMISSED without prejudice to his right to pursue his claims in the proper federal district court.**

**SO ORDERED.**

Signed: November 10, 2008

Graham C. Mullen
United States District Judge